

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2735 | **DATE** | 7/23/2003 |
| **CASE TITLE** | Jones vs. Reliance Standard Life Ins. Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The Court grants Jones's motion for summary judgment and denies Reliance's motion for summary judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | JUL 24 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | 21 |
| | Copy to judge/magistrate judge. | | | | |
| | JD | courtroom deputy's initials | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBRA J. JONES, )
    )
        Plaintiff, )
    )
v. ) 01 C 2735
 ) Judge George M. Marovich
RELIANCE STANDARD LIFE )
INSURANCE COMPANY, )
 )
        Defendant. )

JUL 2 4 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Debra J. Jones ("Jones") filed a one-count Complaint against Reliance Standard Life Insurance Company ("Reliance") alleging failure to provide benefits in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(e)(1) and (f) ("ERISA"). Reliance moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Jones filed a cross motion for summary judgment. For the reasons set forth below, the Court grants Jones's Motion for Summary Judgment and denies Reliance's Motion for Summary Judgment.

## BACKGROUND

Unless otherwise noted, the following facts are not in dispute. Jones was employed by International Cargo Group d/b/a ASG USA from November 1993 through December 1997 as a breakbulk clerk. This was a data entry position which required good visual acuity to rapidly input data using a keyboard. It also required

"focus, concentration, [and] understanding complicated situations." Pl's Stmt. Mat. Facts at p. 2. One of the benefits of her job was disability insurance provided by Reliance. Under the plan, after a 90 day elimination period, payments were to be made when a participant suffered a "total disability", specifically:

> that as a result of Injury or Sickness
>
> (1) during the Elimination Period and for the first 60 months for which a Monthly Benefit is payable, an insured cannot perform the material duties of his/her regulation occupation;
>
> (2) after a Monthly Benefit has been paid for 60 months, an insured cannot perform the material duties of any occupation. Any occupation is one that the Insured's education, training or experience will reasonably allow. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a Full-time basis.

Pl's Stmt. Mat. Facts P. 10, page 2.

Jones suffers from Moyamoya disease which affects the blood vessels leading to the brain. As a result of this disease, Jones suffered a stroke. On March 28, 1998, after suffering the

stroke, Jones applied to Reliance for long-term disability benefits. She filed a certification by her attending physician, Dr. Theodore Eller as to her disability, along with records regarding her brain surgery and various visual, cognitive and physical impairments. Reliance approved benefits for Jones on July 17, 1998 and after the 90 day elimination period, Reliance began to pay her benefits. In October 1998, Jones required a second brain operation. She updated her file with Reliance with records regarding the operation and some medical reports from another treating physician, Dr. Scott Meyer, diagnosing diabetes, bilateral carpal tunnel syndrome and rotator cuff strain. Dr. Meyer also indicated that Jones would be "continuously totally disabled . . . (unable to work)." Pl's Stmt. Mat. Facts at p. 5

In October 1999, Jones was also awarded Social Security benefits. The Social Security Administration (the "SSA") held that Jones was unable to "engage in any substantial gainful activity." 42 U.S.C. § 423(d)(1)(A)(definition of "disability" under the Social Security Act). As a result of this award, Jones coordinated her benefits which reduced the amount Reliance was required to pay monthly and also reimbursed Reliance for past overpayment.

In March 2000, Jones again updated her file with a report from Dr. Meyer listing continued limitations in her abilities to sit and stand for extended periods of time and her ability to use her hands. Dr. Meyer explicitly gave Jones no release date for

work. Nonetheless, Reliance subsequently required Jones to submit to a functional capacity evaluation of her physical abilities. The examiner found that Jones could work at a light level. This exam evaluated only her physical limitations and not her cognitive or visual limitations. Based on the examiner's findings, Reliance terminated Jones's benefits on November 1, 2000. Jones appealed the decision arguing that she was entitled to five years of benefits if she could not perform the duties of her job and she challenged the validity of the functional capacity evaluation. Reliance then had a doctor review Jones's file. Reliance did not have a doctor examine her. Jones again supplemented the appeal record with a report from a vocational expert, Susan Entenberg, who determined she was incapable of performing her job. She also informed Reliance that she was in the process of obtaining her file from the Social Security Administration. On March 26, 2001, Reliance affirmed its denial of Jones's benefits and refused to consider the social security record when it was submitted less than a week later.

The SSA's independent examiners determined that Jones had poor short-term memory, impaired psychomotor activity and mental acuity and that she was blind in half her vision field. After Reliance refused to reconsider their determination in the light of this evidence, Jones filed the present Complaint.

## DISCUSSION

I. Summary Judgment Standards

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Courtney v. Biosound, 42 F.3d 414, 418 (7th Cir. 1994).

II. Standard of Review

At the outset this Court must determine whether to apply a de novo standard (as Jones contends) or an "arbitrary and capricious" standard (as Reliance urges) in reviewing Reliance's denial of benefits. Because ERISA does not prescribe any specific standard for reviewing a trust administrator's decision, the Supreme Court in Firestone Tire & Rubber Co. v. Bru, 489 U.S. 101, 110-11 (1989), defined the appropriate standard of review in

5

ERISA cases arising under 29 U.S. C. §1132(a)(1)(b).[1] Following general principles of trust law, the Court held that when an administrator or fiduciary interprets plan terms, ERISA calls for <u>de novo</u> review of that decision "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." <u>Firestone</u>, 489 U.S. at 115. There is no distinction under the standard between factual determinations and legal interpretations of plan administrators. <u>Ramsey v. Hercules Inc.</u>, 77 F.3d 199, 204 (7th Cir. 1996). "The key question is whether the administrator has discretion under the plan." <u>Id.</u>

A benefit plan need not contain an explicit grant of discretionary authority in order for a discretionary standard of review to be applied. <u>Donato v. Metropolitan Life Ins. Co.</u>, 19 F.3d 375, 378 (7th Cir. 1994). Accordingly, no magic formulation, such as the necessity to use the word "discretion" itself, is required to grant discretion to an administrator. <u>Petrilli v. Drechsel</u>, 910 F.2d 1441, 1447 (7th Cir. 1990).

In this case, the Reliance plan requires "satisfactory proof of total disability to [Reliance]". The Seventh Circuit recently evaluated this exact language in another case brought

---

[1] 29 U.S.C. § 1132(a)(1)(B) provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights for future benefits under the terms of the plan."

6

against Reliance and determined that the language of a plan must "clearly and unambiguously state that it grants discretionary authority to the administrator, which we find the plan did not do." Perugini-Christen v. Homestead Mtge Co. and Reliance Standard Life Ins. Co., 287 F.3d 624, 626 (7th Cir. 2002). Thus, in this case, just as in the Perugini-Christen case, a de novo standard of review must be employed.

III. Administrative Record

The next issue over which the parties disagree is whether the Court may consider evidence not included in the administrative record, namely a subsequent finding of disability made my the Social Security Administration. When applying a de novo standard of review, the rule in this Circuit is that a "district court need not limit the evidence which the district court may consider to that which was before the plan administrator." Casey v. Uddeholm Corp., 32 F.3d 1094, 1099 n.4 (7th Cir. 1994). Rather, a district court "may permit the introduction of additional evidence necessary to enable it to make an informed and independent judgment." Id. at 1099. Thus, because this Court does not consider the record fully developed without inclusion of the social security determination and because this Court finds such evidence necessary for an informed judgement, the Court will base its review on the administrative record and the materials submitted by Jones regarding the disability determination by the Social Security Administration.

IV. ERISA Claim

Applying a de novo standard of review, the Court finds that Jones has met the plans requirements for long-term disability benefits and is entitled to summary judgment. Jones has shown that she has Mayomayo disease which has caused her two suffer a stroke which required two brain surgeries and has left her completely disabled and unable to work. Her treating doctors have consistently found her disabled in a variety of physical, cognitive and visual areas. None of her treating physicians has ever released her to work. The only evidence provided that Jones is able to work was a functional capacity evaluation focused solely on her physical limitations which concluded that she could handle light work. The only doctor who concurred with this finding was doctor hired by Reliance to review Jones's file who never examined her. Further, Jones provided the opinion of a vocational expert who even after reviewing the findings of the functional capacity exam found Jones unable to perform any jobs. Finally, the SSA awarded Jones benefits based on the findings of their independent examiners who found Jones disabled as a result of numerous physical, cognitive and visual impairments. Thus, based on the evidence provided by both parties, this Court concludes that Jones suffered a "total disability" as defined in the Reliance plan and, therefore, Reliance's denial of benefits was improper.

## CONCLUSION

For the reasons set forth above, the Court grants Jones's Motion For Summary Judgment and denies Reliance's Motion for Summary Judgement.

ENTER:

George M. Marovich
United States District Judge

DATED: July 23, 2003

9